UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Respondent,<br><br>v.<br><br>ELISHAY BANKS,<br><br>            Movant. | Case No.:  18cr1228-BEN<br>      22cv1133-BEN<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE** |

## I. BACKGROUND

Movant Elishay Banks filed a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255.  Having reviewed the motion, the Court finds that no hearing is necessary, the motion is denied, and a certificate of appealability is denied.

After a jury trial, Banks was found guilty of violating 21 U.S.C. §§ 952 and 960 by attempting to drive a car packed with 19.26 kilograms of 99% pure methamphetamine wrapped in 46 packages and hid inside the body of the car.  The Pre-Sentence Report calculated a Sentencing Guideline range of 292 to 365 months.  She was sentenced to 90 months in prison for counts 1 and 2, and 60 months to run concurrently with counts 1 and 2 for count 3.  The conviction and sentence were affirmed on appeal.

Banks has timely filed her § 2255 motion alleging primarily ineffective assistance of counsel.  The Government filed an opposition to the motion.  Banks has not filed a traverse and she has no obligation to file a traverse.

1

## II. LEGAL PRINCIPLES

A motion to attack a conviction and sentence under § 2255 is a federal prisoner's substitute for a petition for a writ of habeas corpus. Josephine R. Potuto, *The Federal Prisoner Collateral Attack*, 1988 B.Y.U. L. Rev. 37, 37 (1988). Under § 2255, a movant is entitled to relief if the conviction and sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005).

If it is clear that the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (providing that "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing"). Courts deny a hearing where "the petitioner's allegations, viewed against the record, fail to state a claim for relief." *United States v. McMullen*, 98 F.3d 1155, 1158-59 (9th Cir. 1996). A district court may summarily dismiss a § 2255 motion if the allegations in the motion when viewed against the record do not give rise to a claim for relief or are "palpably incredible or patently frivolous." *United States v. Withers*, 638 F.3d 1055, 1063 (9th Cir. 2011).

Banks seeks to set aside her conviction on the grounds that her attorney rendered ineffective assistance. A criminal defendant is entitled to the effective assistance of counsel at all stages of a criminal proceeding. Although she is entitled to an effective defense she is not entitled to a perfect defense, and attorney errors that have no significant effect or are not reasonably likely to have changed the outcome are not a basis for § 2255 relief.

In order to sustain a claim of ineffective assistance of counsel, the movant has the burden of showing both: (1) that defense counsel's performance was deficient; and, (2) that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 690-92 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Redmond v. United States*, No. 21-55142, 2022 U.S. App. LEXIS 14293, at *3 (9th Cir. May 25, 2022) (quoting *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002)). To satisfy the first prong, the movant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S., at 689. Moreover, post hoc complaints about the strategy or tactics employed by defense counsel, or complaints that defense counsel did not conduct a sufficiently vigorous pretrial investigation, are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2d Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

To satisfy the second prong, a movant must show that she was prejudiced by the deficient representation she received. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). Proving that a deficient performance caused prejudice requires more than showing that the errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 466 U.S., at 693. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Thus, the test for ineffective assistance of counsel here is whether the assistance of Banks' attorney fell below the constitutional standard for effective assistance, and if so, whether it is reasonably likely that the ineffective assistance changed the outcome of the

case. *Lockhart*, 506 U.S., at 373-75 (O'Connor, J., concurring) ("The determinative question [is] whether there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"). A defendant's mere conclusory allegations that counsel failed to provide effective assistance do not satisfy the highly demanding standard of deficient performance and resulting prejudice. *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

### III.   DISCUSSION

#### A.   The Claims of Ineffective Assistance of Counsel

Banks had a right to present her ineffective assistance of counsel claim to the court of appeals in her direct appeal. And she did. However, ineffective assistance of counsel claims are not often decided on direct appeal because the trial record may be inadequate. That is what happened here. Banks pursued and briefed her ineffective assistance of counsel claim in her direct appeal but the court of appeals declined to rule on the claim because the record was insufficient. "The current record is not sufficiently developed to permit us to conclude whether Banks received ineffective assistance of counsel." *U.S. v. Banks*, Appeal No. 20-50026, *3-4 (9th Cir. Nov. 26, 2021) (memorandum disposition), *pet'n for rehearing denied* (Dec. 29, 2021). The appellate court observed that a § 2255 motion "permits the defendant to develop a record as to what counsel did, why it was done, and what, in any, prejudice results." *Id.*

Consequently, she brings her claim before this Court. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). Unfortunately, the record is no more complete today than it was on direct appeal, despite Banks having ample time to bolster and perfect a record. The entirety of Banks' statement of the claim in this Court is found in four excerpted pages from her prior appellate brief attached to her current § 2255 motion. There are no additional supporting documents or declarations.

1   In those four excerpted pages, Banks says that her attorney was ineffective at trial
2   because he failed to investigate a witness named Javier. But the claim is implausible.
3   This Court presided over the trial in this case. Defense counsel said that he was familiar
4   with the discovery concerning Javier and discussed Javier's possible testimony -- all
5   before trial during motion in limine proceedings. Moreover, defense counsel adopted a
6   strategy at trial of highlighting numerous text messages between Banks and Javier in an
7   effort to cast blame on Javier and minimize blame on Banks.
8   Without evidence of some sort of failure to investigate by her attorney, relief
9   cannot be granted. On the present record, there is no evidence at all of a failure to
10  investigate. Certainly, a disagreement over counsel's reasonable tactical decisions does
11  not constitute ineffective assistance of counsel. *See Wildman v. Johnson*, 26 F.3d 832,
12  840 (9th Cir. 2001). Banks has not cleared the high hurdle of demonstrating deficient
13  performance by counsel. And Banks has hardly begun to satisfy the prejudice
14  requirement. She does not even address the prejudice prong. Neither ineffectiveness nor
15  prejudice are proven here. Both are required for § 2255 relief. As a result, Banks' claim
16  is palpably incredible and no hearing is required. *Withers*, 638 F.3d at 1063.

17  **B.  Two Additional Claims**

18  Banks offers two additional undeveloped claims. Banks claims: (a) there was
19  insufficient evidence for her conviction; and (b) the sentence should have included
20  downward departures for acceptance of responsibility and minor role. No supporting
21  facts are described and no arguments are articulated. It does not matter. The claims
22  cannot succeed because the claims were already raised on direct appeal and denied on the
23  merits. *Banks*, No. 20-50026 at *2-3. "When a defendant has raised a claim and has
24  been given a full and fair opportunity to litigate it on direct appeal, that claim may not be
25  used as basis for a subsequent § 2255 petition." *United States v. Hayes*, 231 F.3d 1132,
26  1139 (9th Cir. 2000). These claims are non-substantial and this Court is bound by the
27  judgment of the appellate court; no hearing is required.
28

## IV.   CONCLUSION

Accordingly, the motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence is DENIED.

## CERTIFICATE OF APPEALABILITY

The Court finds that Movant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253.  In this case, reasonable jurists would not find the determination that Movant is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.  Therefore, the Court declines to issue a certificate of appealability.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Date:  May 8, 2024

_____
HON. ROGER T. BENITEZ
United States District Judge